IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PHILIP JAMES EMERSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv240 |
| JERRY PARKER, ET AL. | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Petitioner Philip Emerson, proceeding *pro se*, filed this habeas corpus action under 28 U.S.C. § 2241. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For reasons explained below, the Court recommends that Petitioner's habeas petition be denied and that this case be dismissed without prejudice.

**I. Petitioner Emerson's Habeas Petition**

Emerson complains about state misdemeanor charges of criminal mischief pending in Justice Court in Wood County, Texas. He explains that the cases are pending while he is out on bail. Emerson filed two state habeas corpus applications, one of which was denied in a written opinion. According to the state court, Emerson was charged with criminal mischief after instances in March 2019—wherein the facts indicate that Emerson drove his truck through the Holly Lake Ranch Association's (Association) gate causing damage to the gate's arm. The probable cause affidavits reveal that that peace officers spoke with the Association's security officers who explained that Emerson had run through the gate which was documented on surveillance footage. The footage showed that Emerson's vehicle had driven through the gate. *See Ex parte Emerson*, 2020 WL 6600974, at *1 (Tex. App—Texarkana, Nov. 12, 2020).

1

**II. Respondent's Response, "Emergency" Motion to Stay, and Response**

This Court ordered Emerson to file a response explaining how this civil proceeding is a habeas proceeding under federal law, (Dkt. #8). Through counsel, Emerson filed a response, (Dkt. #9), highlighting that pretrial petitions are properly invoked through section 2241 and that the Fifth Circuit Court of Appeals has held that an application "free on bond" satisfies the "in custody" requirement. Emerson then filed a motion to withdraw counsel, which was granted, and elected to proceed pro se. The Court then ordered Respondent Albers, District Attorney of Wood County, to file a response addressing Emerson's petition.

Respondent Albers filed a response on April 14, 2023, (Dkt. #39). Among many arguments, Respondent maintains that this Court should abstain from hearing this case under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Because Emerson is challenging pending state criminal proceedings, the Court should address *Younger* abstention prior to ruling on the merits.

On May 9, Emerson filed an "Emergency motion to stay state court proceedings," (Dkt. #43). He maintains that he was arrested two more times in March 2023 and charged with additional counts of criminal mischief "having something to do with the gate." Emerson explains that Respondent Albers filed three complaints in Wood County on April 5, 2023, and he received notice of arraignment occurring on May 9, 2023. He asks this Court to stay his criminal proceedings because (1) the county court is likely required to exercise abstention under Texas Court of Criminal Appeals precedent; (2) scrutinizing Respondent Albers's official conduct must be completed; (3) the March 11 and 19 "magistration proceedings" must be preserved; and (4) the county judge is likely required to recuse and, or, be disqualified, (Dkt. #43, pg. 4).

Respondent Albers filed a response on May 17, 2023, (Dkt. #44). She explains that while Emerson does not clearly identify the emergency that would justify relief, he asserts that he "will suffer irreparable harm in that the proceedings setting bail and the record will not be preserved because of a pretrial hearing set for today at 1:00 p.m." Respondent asserts that Emerson is essentially asking this Court to stay his criminal proceedings "so he can have some evidence of how much his bail amount will be." *Id*. at pg. 2. Respondent insists that Emerson is not entitled to a stay, citing *Younger* abstention and the public interest. Emerson has not filed a reply.

## III. Standard of Review

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). However, federal consideration of habeas corpus petitions from detainees with ongoing state criminal proceedings raise two special concerns: interference with state proceedings and exhaustion.

Federal courts have generally recognized that the "*Younger* abstention doctrine" applies to petitions for a writ of habeas corpus. *See, e.g.*, *In re Justices of Superior Ct. Dept' of Mass. Tr. Ct.*,

218 F.3d 11, 17-18 (1st Cir. 2000) (applying abstention principles to pretrial habeas petition); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (affirming dismissal of pretrial habeas petition on abstention grounds). The *Younger* abstention doctrine requires a federal court to abstain from interfering with state civil or criminal proceedings involving important state interests—absent truly extraordinary circumstances. *Younger*, 401 U.S. at 44; *see also Daves v. Dallas Cnty.*, 64 F.4th 616 (5th Cir. 2023) (requiring strict adherence to *Younger* when interference with state judicial proceedings is an issue). *Younger* abstention is generally appropriate when three requirements are met: (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Daves*, 64 F.4th at 625.

When these factors are present, abstention is appropriate unless intervention is "absolutely necessary for protection of constitutional rights" and, without federal court intervention, "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. The Fifth Circuit explained that all that is required is an opportunity to raise constitutional challenges in state court. *Daves*, 64 F.4th at 629 ("All that *Younger* and its progeny mandate, however, is an opportunity to raise federal claims in the course of state proceedings."). The Fifth Circuit has observed three "narrowly tailored" exceptions to *Younger* abstention:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) application of the doctrine was waived.

*Tex. Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

Relevant here, the United States Supreme Court has cautioned that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court," and explained:

> Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts; isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. [Exhaustion doctrine] preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.

*Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (quoting Note, Developments in the Law—Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1094 (1970)). The Court found that the district court properly granted relief on a fully exhausted claim regarding speedy trial; however, it "emphasized that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court," and rejected the notion that its decision would "convert[] federal habeas corpus into 'a pretrial-motion forum for state prisoners.'" *Id*. at 493.

## IV. Discussion and Analysis

The *Younger* abstention doctrine applies to Emerson's case. He readily admits that state criminal proceedings are pending and ongoing. While he argued, prior to electing to proceed pro se, that *Younger* should not apply because his prosecution was brought through "bad faith," he provides no proof of bad faith—especially given multiple arrest warrants and his own admission that he drove through the gate multiple times—and his claim is largely speculative. The state has a strong public interest in enforcing its criminal laws, and Emerson has not shown otherwise. *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). Similarly, Emerson has not shown that he cannot present his constitutional issues, if any exist, in his state court proceedings. The Fifth

Circuit has held, as mentioned, that mere opportunity to raise constitutional issues in state court is all that is required.

Emerson repeatedly insists that his arrests were unlawful because the Association's gate is on his property; however, this defense to prosecution is suited for litigation in state court—not for federal court intervention. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States); *see, e.g.*, *Aspen Wood Apt. Corp. v. Coinmach, Inc.*, 349 S.W.3d 621, 635 (Tex. App.—Houston, 2011, no pet.) (Texas district courts have exclusive jurisdiction to determine title to real property); *see also Bynum v. Lewis*, 393 S.W.3d 916, 918 (Tex. App.—Tyler 2013).

Emerson's "emergency" motion to stay his state criminal proceedings, (Dkt. #43), provides further justification for abstention. He seeks a stay, in part, so that this Court can determine "whether retreating to your home can be criminalized by a prosecutor carrying on a predecessor-enacted policy modifying the state's plat revision statutes on a local level," (Dkt. #43, pg. 5). As the Supreme Court explained, however, federal habeas relief is not intended to adjudicate defenses to state criminal prosecutions. Emerson's dissatisfaction that he is being prosecuted for several incidents under state law is not a sufficient basis for federal intervention. *See Rhodes v. Plummer*, 1996 WL 721825, at *2 (N.D. Cal. Dec. 9, 1996) (finding that petitioner did not meet his burden to show irreparable harm or special circumstances that would justify federal court intervention into his vindictive prosecution claim because if petitioner were to be convicted in state court, state court postconviction and federal habeas corpus proceedings would be available to him).

Moreover, his complaints about the prosecutor, desire to preserve the record, and alleged irreparable harm through bail do not show or even indicate flagrant constitutional violations. In other words, he has demonstrated no exceptional circumstances illustrating that abstention would

not apply. Emerson's request—through both his pretrial habeas and motion to stay—instead illustrates his desire for a federal court to intervene in his state criminal prosecution that he vehemently challenges. *See DeSpain*, 731 F.2d at 1176 ("If the only risk to the state defendant's federal rights is one that can be eliminated by the defense to a single criminal prosecution, the balance tips heavily in favor of the state government and its interest in enforcing its criminal laws."). *Younger* abstention cautions this Court from doing so. *See Tex. Ent. Ass'n, Inc. v. Hegar*, 10 F.4th 495, 508 (5th Cir. 2021) ("In a similar vein, *Younger* counsels that federal courts should abstain from interfering with states' enforcement of their laws and judicial functions."). Emerson's section 2241 petition should be denied.

## V. Certificate of Appealability

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Emerson failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed, without prejudice, to Petitioner's right to pursue any habeas claims pursuant to 28 U.S.C. § 2254 in the event that he is convicted. It is further recommended that Petitioner's be denied a certificate of appealability *sua sponte*. Finally, the Court recommends that Petitioner's motion to stay, (Dkt. #43), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 25th day of May, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE