IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PHILIP JAMES EMERSON, Jr., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-240-JDK-KNM |
| | § | |
| JERRY PARKER, et al., | § | |
| | § | |
| Respondents. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Philip James Emerson, Jr., a defendant free on bond awaiting trial on state criminal misdemeanor charges in Wood County, Texas, filed this petition for writ of habeas corpus to challenge the legality of those pending state criminal charges. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case. Respondent Angela Albers, the District Attorney for Wood County responded and asserted that the petition should be denied, relying in part on Petitioner's failure to exhaust his state law remedies and the doctrine favoring abstention from interference in ongoing state criminal proceedings. Docket No. 39. On May 25, 2023, Judge Mitchell issued a Report recommending that the petition be denied, this case dismissed without prejudice, and that a certificate of appealability be denied. Docket No. 45. Petitioner filed timely written objections. Docket No. 46.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.

1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objection is without merit. The Magistrate Judge correctly applied the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), to this case in recommending abstention. Furthermore, even if this case were the rare pretrial habeas that is not barred by *Younger*, Respondent correctly asserted that Petitioner has failed to exhaust his state remedies, which precludes federal habeas relief. Docket No. 39 at 13–16. Petitioner's objection does not address the applicability of the *Younger* abstention doctrine or the unexhausted nature of his claims. He complains that the state proceedings will not permit him to prevail based on certain defenses (Docket No. 46 at 3), but federal court is not the place to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489–490 (1973). And the remainder of Petitioner's objection concerns matters that are immaterial to the grounds for dismissing his petition.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 46) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 45) as the opinion of the District Court. Petitioner's emergency motion to stay state court proceedings (Docket No. 43) is **DENIED**. Petitioner's petition for habeas corpus is **DENIED**, and this case is hereby **DISMISSED** without prejudice. All pending motions are **DENIED** as moot. The Court **DENIES** a certificate of appealability.

**Signed this**
**Jun 14, 2023**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE